IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-60210
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OLEN MAFFETT POUND,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:95-CV-135
- - - - - - - - - -
June 3, 1998
Before DUHE', DeMOSS, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Olen Maffett Pound, federal prisoner # 09064-042, appeals
the district court's denial of his 28 U.S.C. § 2255 motion to
vacate, set aside, or correct his sentence.  Pound argues that
his counsel was ineffective in that: (1) he did not inform Pound
of a plea offer; (2) he failed to object to an allegedly
defective indictment; (3) he failed to object to the violation of
the witness sequestration rule; and (4) he had a conflict of
interest as he represented both Maffett and Barbara Pound until

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

approximately two weeks before trial and that the district court erred in not holding a hearing pursuant to Fed. R. Civ. P. 44(c). Pound also argues that the forfeiture of his assets together with the imposition of a $25,000 fine and a 20-year sentence was excessive; that the trial court erred in not striking the testimony of the two government witnesses who violated Fed. R. Evid. 615 requiring sequestration of witnesses; that the trial court erred in not instructing the jury that they must reach a unanimous verdict concerning which three predicate offenses make up the continuing criminal enterprise; and that the district court erred in holding that Pound's constitutional rights were not violated by the Government's failure to file a Fed. R. Crim. P. 35(b) motion.  We have reviewed the record and the parties' briefs and AFFIRM the district court's denial of Pound's § 2255 motion on the above issues for the same reasons set forth by the district court.  United States v. Pound, No. 3:95-CV-135 (N.D. Miss. March 24, 1997).

Pound argues for the first time on appeal that his counsel was ineffective in failing to object to the playing of the taped telephone conversations for the jury.  Review is limited to plain error.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428 (5th Cir. 1996)(en banc).  Because Pound's claim involves questions of fact capable of resolution in the district court, he has not demonstrated plain error.  United States v. Vital, 68 F.3d 114, 119 (5th Cir. 1995).

Pound argues for the first time on appeal that his counsel was ineffective in failing to object to the trial court's jury instructions concerning the use of a communication facility to further the conspiracy.  Because Pound's claim involves questions of fact capable of resolution in the district court, he has not demonstrated plain error.  See Vital, 68 F.3d at 119.

Pound argues that the Government's closing argument was so inflammatory that it prejudiced the outcome of Pound's trial.  Because Pound raised this argument only in the context of ineffective assistance of counsel in the district court, review is limited to plain error.  Douglass, 79 F.3d at 1428.  Pound has not shown that the prosecutor's remarks were persistent or pronounced or that the evidence of his guilt was so insubstantial that his conviction would not have occurred but for the improper remarks.  See Jones v. Butler, 864 F.2d 348, 356 (5th Cir. 1988).

Pound has filed a motion to seal the case and not to publish the court's opinion.  Pound's motion is DENIED.

AFFIRMED; MOTION DENIED.